

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 13, 2015

BY ECF AND BY HAND

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Room 2240
New York, New York  10007

>    Re:    United States v. Rafael Diaz,
>           S1 14 Cr. 561 (LAK)

Dear Judge Kaplan:

The Government respectfully writes in advance of the defendant's sentencing, currently scheduled for July 21, 2015.

### The Offense Conduct

The Government agrees with the statement of offense conduct set forth in the July 2, 2015 Presentence Investigation Report ("PSR").  (PSR ¶¶ 9-20).  In summary, between July and August 2014, the defendant conspired with co-defendant Junior Ogando to purchase approximately 20 kilograms of cocaine on consignment from a cooperating witness (the "CW"). The defendant introduced the CW to Ogando, and the defendant and Ogando thereafter had various discussions with the CW to arrange the details of the transaction, including agreeing (a) to pay $34,000 per kilogram, (b) to post Ogando's father's property in the Dominican Republic as collateral for the cocaine, and (c) to split the profits equally among the defendant, Ogando, and the CW — approximately $18,000 or $19,000 each.  On August 11, 2014, Diaz and Ogando met with the CW in the Bronx to pick up a car, which they believed had a "trap" containing the 20 kilograms of cocaine, and they were subsequently arrested.

### The Plea and Applicable Guidelines Range

On April 13, 2015, the defendant pled guilty, pursuant to a plea agreement, to Count One of Superseding Information 14 Cr. 723 (PKC), which charged him with conspiring to distribute and possess with the intent to distribute cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).  In the PSR, the Probation Department calculated a

The Honorable Lewis A. Kaplan
July 13, 2015
Page 2

Guidelines range of 97 to 121 months' imprisonment.  (PSR ¶¶ 24-40, 69).  The Government agrees with this calculation.

### The Appropriate Sentence

Under the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully submits that a sentence within the applicable Guidelines range is appropriate.  The defendant was involved in serious conduct:  conspiring to distribute approximately 20 kilograms of cocaine, with a street value of approximately $680,000.  This criminal activity indisputably has poisonous effects on the community.  While the defendant claims that his involvement in narcotics trafficking was the result of his being "tempted by the promise of a quick profit" (Def. Ltr. 1), he ignores his legitimate employment history and income (PSR ¶¶ 61-63).  Contrary to the defendant's assertion, this conduct was not isolated or a "mistake" (Def. Ltr. 5); the defendant acknowledged that he engaged in smaller quantity drug dealing previously.  A significant sentence would also punish the defendant's offense and achieve the important goals of sentencing, including specific and general deterrence.  Accordingly, the Government respectfully submits that a sentence within the Guidelines range is appropriate.

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:    /s/
        Joshua A. Naftalis
        Assistant United States Attorney
        (212) 637-2310

cc:    Daniel G. Habib, Esq. (by ECF and e-mail)